UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00265-FDW
(3:06-cr-00096-FDW-DSC-1)

| | |
|---|---|
| WILLIAM ROOSEVELT CLOUD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate Sentence Under 28 U.S.C. § 2255. [Doc. 1].

On April 27, 2020, Petitioner Williams Roosevelt Cloud ("Petitioner") filed a Pro Se Motion to Vacate Sentence Under 28 U.S.C. § 2255. [Doc. 1]. Petitioner is a federal prisoner, who, on October 22, 2007, was found guilty after a jury trial of one count of mortgage fraud conspiracy, in violation of 18 U.S.C. § 371; three counts of mail fraud, in violation of 18 U.S.C. § 1341; thirteen counts of bank fraud, in violation of 18 U.S.C. § 1344; one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h); and six counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1). United States v. Cloud, 680 F.3d 396, 399 (4th Cir. 2012). The convictions stemmed from Petitioner's leadership of a mortgage-fraud conspiracy from 1999 until 2005. Id. The Court sentenced Petitioner to 324 months' imprisonment. Id.

Petitioner timely appealed. The Fourth Circuit affirmed his convictions, except the six money laundering convictions, which it reversed. Id. at 409. The court remanded for resentencing. Id. at 412. The United States Supreme Court denied Petitioner's petition for a writ of certiorari. Cloud v. United States, 568 U.S. 862 (2012).

On January 7, 2014, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, raising various challenges to his criminal judgment. Case No. 3:14-cv-00006-FDW, Doc. 1. The Court dismissed the motion without prejudice because Petitioner had not been resentenced and his judgment therefore was not yet final. Id. at Doc. 4. On September 23, 2015, the Court resentenced Petitioner and entered an amended judgment, sentencing him to a total of 324 months' imprisonment. Case No. 3:06-cr-00096-FDW-1, Doc. 281. Petitioner did not appeal the judgment. See id. at Doc. 283.

On January 3, 2017, Petitioner filed a document purporting to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina. Case No. 3:18-cv-00088-FDW, Docs. 1, 1-1 through 1-5. Because the petition challenged the legality of his 2015 criminal judgment, the Eastern District provided Petitioner an opportunity to convert his § 2241 petition to a § 2255 motion to vacate. Id. at Doc. 10. Upon receiving notice from Petitioner agreeing to the conversion, the Eastern District transferred the entire action to this Court, where venue was proper. Id. at Docs. 11-13.

Subsequently, this Court notified Petitioner that his 542-page pleading failed to comply with Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which requires that motions to vacate identify each ground for relief and state the supporting facts. Id. at Doc. 14. The Court provided Petitioner an opportunity to correct this and other identified deficiencies by filing an amended motion to vacate on a § 2255 form approved for use in this District. Id.

Thereafter, Petitioner filed a document titled "Motion Reinstating 28 U.S.C. Subsection 2241 Filing as Correct - Motion to Rescind 28 U.S.C. 2241 Construed to a 28 U.S.C. 2255," in which he rescinded his previous agreement to the Court's conversion of the § 2241 petition to a §

2

2255 motion. Case No. 3:18-cv-00088-FDW, Doc. 15. The Court granted the Motion, ordered that Petitioner's motion to vacate be reinstated as a petition for writ of habeas corpus pursuant to § 2241, and dismissed the § 2241 petition for lack of jurisdiction. Id. at Doc. 16.

On November 20, 2018, Petitioner again attempted to challenge his 2015 criminal judgment, this time by way of a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which the Court construed as a § 2255 after giving Petitioner the proper notice under Castro v. United States, 540 U.S. 375, 383 (2003). Case No. 3:18-cv-00628-FDW, Doc. 1. The Court dismissed Petitioner's motion as untimely under § 2255(f). Id., Doc. 5.

The pending motion is nothing more than a successive motion to vacate under § 2255. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

For the foregoing reasons, the Court will dismiss Petitioner's pending motion for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained

3

permission from the Fourth Circuit Court of Appeals to file another motion pursuant to § 2255.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Pro Se Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

**IT IS SO ORDERED**.

Signed: June 1, 2020

Frank D. Whitney
Chief United States District Judge